# NEW ORLEANS DECISIONS.*

## SUCCESSION OF JOHN TWIBILL.

The surety of the liquidator appointed to administer the affairs of a commercial partnership which has been dissolved by the death of one of the partners, cannot file an account in the succession of such deceased partner, of the administration of his principal, with the view of obtaining his discharge from liability as surety.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Durant & Hornor*, for appellant. *M. Grivot*, for appellee.

MERRICK, C. J. The appeal in this case is taken by the sureties of *William Atkins*, from a judgment denying their right to file an account in the succession of *John Twibill*.

The counsel for appellant state their case as follows, viz :

"The commercial partnership of *Twibill & Atkins* was dissolved by the death of *John Twibill*, on the 28th of April, 1856. *William Atkins* petitioned for the liquidation and settlement of the partnership, which was granted to him, contradictorily with *Twibill's* widow, on his giving bond and security in the sum of $10,000, on the 21st of May, 1856. *Atkins'* securities were *James McIntosh, John Thompson*, and *George Purvis*, the appellants.

"On the 2d of November, 1856, *Atkins* died, and *John M. Desmarest* was appointed his administrator. He found the succession and the partnership matters of *Twibill & Atkins* inextricably involved with each other.

"On the 11th of June, 1857, he filed his tableau in *Atkins'* succession. On the same day, in *Twibill's* succession, he filed a full tableau and account of the liquidation of the partnership of *Twibill & Atkins*, and a few days afterwards he made the sureties of *Atkins* regular parties to the proceedings.

"The attorney for absent heirs and the attorney of the widow of *Twibill* denied the right of *Atkins'* administrator to file any account of the liquidation of the partnership. The Judge sustained their exception, and dismissed the tableau.

"One of the creditors of *Twibill & Atkins* ruled *Atkins'* administrator for an account or tableau of the partnership affairs, on the 15th of September, 1857.

"*Atkins'* administrator excepts, and says that the court has already decided that he has no right to file an account; " that while such judgment lasts, respondent ought not to be held to file any account, as it would be inconsistent and unjust to deny his right to file an account, and then to compel him to file one. But should the court think he can now be called upon to file an account, which he is perfectly willing to do, then he says he has no other account to give than the one

---

* The three following decisions were omitted in their proper places.

already presented by him, and which he prays may be taken as a part of his answer.

" This rule was made absolute, the account was filed, and the same formalities and notices to creditors and others interested were gone through with, and the same result attained, to-wit : a regular judgment of homologation without opposition, except from the attorneys of *Twibill's* widow and absent heirs, who again denied the right of *Atkins'* administrator to file any account of the liquidation and settlement of the partnership, But although the lower Judge had ordered the account to be filed, no doubt through error, he sustained the exception, dismissed the tableau, and annulled all proceedings on the rule taken by the creditor. This was on the 26th of November, 1857.

" On the 4th of December, 1857, the securities, adopting the administrator's account, filed their petition in the succession of *Twibill*, and with it the said account, setting forth the foregoing facts, and praying its homologation and their final discharge from all liability as sureties of *William Atkins*, as liquidating partner of *Twibill & Atkins*.

" The attorneys of *Twibill's* widow and absent heirs denied the right of the sureties to file an account of the liquidation of the partnership ; and from a judgment sustaining their exception and dismissing the sureties' petition and their account, this appeal has been taken."

It thus appears, that *Desmarest* represents the succession of *Atkins* as administrator ; and he having failed in his efforts to intrude an account upon the succession of *Twibill*, of *Atkins'* administration as liquidator of the partnership affairs, the sureties of *Atkins* now attempt to do what was refused the representative of their principal.

The action is founded upon a misapprehension of the rights of the sureties and administrators of successions.

As between themselves and the creditor, *sureties* have no claims, until they are sued or have paid the debt. If sued, they are entitled to the pleas of discussion and division ; and, on payment of the debt, to a subrogation to the action and rights of the creditor. C. C. 3014, 3015, 3018, 3030 ; 12 An. 8.

As between the principal debtor and surety even, the latter has no claim until he has paid the debt, or until one of the conditions of Art. 3026 C. C. has happened. *Taylor* v. *Drane*, 13 L. R. 62 ; *Mudd* v. *Rogers*, 10 An. 648.

Aside from the irregularity of filing an account for a succession they do not represent, how then can the sureties of the debtor of a succession undertake to file an account in such succession, already represented by its proper curator, concerning matters about which they have not yet acquired any *legal* rights ? See C. P., Art. 15, and *Succession of Rachel*, 12 An. 717.

If their principal is not the *debtor* of such succession, but on the contrary, the *creditor* of that succession, it is most manifest that the condition upon which the accessory obligation of the surety was to be founded, has failed. C. C. 3004, 3006.

The judgment of the lower court was, therefore, fully sustained by law.

Judgment affirmed.

BUCHANAN, J. I adopt the following opinion, written by Judge Spofford, as my concurring opinion in the case of the *Succession of John Twibill :*

" I agree with the District Judge in regarding as wholly irregular the intrusion of the sureties of *Atkins*, liquidator of *Twibill & Atkins*, into the succession of *Twibill*, against the will of the lawful curator, to file, as belonging to that suc-

cession, an account of one *Desmarest*, who was only administrator of *Atkins'* estate, and a mere intermeddler in the partnership affairs, without notice to the representatives of *Twibill*.

" When these sureties are attacked by *Twibill's* succession for the gestion of their principal or liquidator, it will be time for them to show that it has not been injurious to the estate of *Twibill*."